*498 OPINION.
Littleton :
The testimony of a number of witnesses has been submitted relative to the character, cost, and March 1, 1913, value of petitioner’s property, conveyed March 5, 1919, for a total consideration of $300,000, the sum of $285,000 being the net consideration received after the allowance of $15,000 as a commission on the sale to the Kentucky Jockey Club.
The evidence is sufficient to convince the Board that the cost of petitioner’s property was as follows:
Cost of land_$130, 000.00
Construction prior to lease_ 150, 000. 00
Construction in 1912, after lease_ 30, 000. 00
Miscellaneous and pari-mutuels, 1912_ 8, 000. 00
Additions from 1913 to 1919_ 21, 366.64
Total_ 339, 366. 64
The evidence also convinces us that the fair market value of petitioner’s property on March 1, 1913, was $350,000 and that $7,500 per annum is a proper and reasonable allowance for exhaustion, wear, and tear of depreciable assets.
*499 The March 1, 1913, value therefore depreciated to March, 1919, is $305,000. Petitioner realized from the sale $285,000, which is less than the fair market value of petitioner’s property on March 1, 1913, but more than the cost value depreciated at the same ratio from date of acquisition to date of sale, and therefore petitioner neither realized a taxable gain nor sustained a deductible loss on the sale in 1919.
The evidence does not establish that the petitioner was guilty of negligence such as would warrant the imposition of the penalty of 5 per cent affirmatively claimed by the Commissioner in his answer and at the hearing.
Judgment will be entered on 15 days’ notice, under Rude 50.
Considered by Smith, Tkussell, and Lov®.